# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>JORGE GUEVARA,<br><br>                    Defendant. | CASE NO. 1:13-CR-00285-(1)-LJO-SKO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(ECF No. 52) |

Pending before the Court is Defendant Jorge Guevara's *pro se* motion to reduce his sentence (ECF No. 52), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. On the basis that the Defendant is ineligiblefor a reduction under § 1B1.10, the Government opposes the motion (ECF No. 56). The Federal Defender's Office has declined to supplement the motion (ECF No. 53). Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court denies the motion for the following reasons.

## I.   BACKGROUND

Following a three-count indictment, *see* ECF No. 1, Defendant Guevara pleaded guilty to Count 1, 21 U.S.C. § 846, 841(a)(1), (b)(1)(A), conspiracy to distribute and possession with the intent to distribute methamphetamine. *See* ECF Nos. 29, 31. According to the PSR, the amount of drugs attributed to Defendant was at least 7.4 kilograms of actual methamphetamine. *See* PSR at ¶¶ 7, 13. Based on the amount of methamphetamine involved in the case, the PSR determined that the base offense level was 38. *Id.* ¶ 14.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

At sentencing, the Court accepted and adopted the PSR without change, finding that pursuant to §2D1.1(a)(5)(iii), Defendant's base offense level was 38 and his criminal history was category I (based on 0 criminal history points). *Id.* ¶¶ 14, 27. The Court found that pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, and, pursuant to § 2D1.1(b)(16), the specific offense characteristics warranted a two-level safety-valve reduction, for an adjusted total offense level of 33. *Id.* ¶¶ 21, 22. The Guidelines range for a defendant with an offense level of 33 and a criminal history category I was 135 to 168 months imprisonment. *Id.* ¶ 44; U.S.S.G. Ch. 5, Pt. A. On August 25, 2014, the Court in a downward departure imposed a sentence of 80 months; 24 months supervised release; and a $100 special assessment. *See* ECF Nos. 47, 48.

## II.  LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed."' *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court

"shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s)… had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

**III.  DISCUSSION**

Defendant Guevara requests a reduction in his sentence under Amendment 782, enumerated in U.S.S.G. § 1B1.10(d), and  "pursuant to 18 U.S.C. [§] 3582(c )(2)." ECF No. 52 at 1.

The initial inquiry is whether Defendant is eligible for a sentence reduction. The Court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon*, 560 U.S. at 825-26. Section 3582 permits reduction of a sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if… an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

Here, although the Amendment reduces by two the base offense levels for most drug offenders, Defendant misapprehends the effect this has on his sentence. The Amendment does not lower the base offense level for defendants who possessed over 4.5 kilograms of actual methamphetamine. *See* Amendment 782, § 1B1.10. In this case, the amount of drugs attributed to Defendant Guevara—7.4 kilograms, *see* PSR at ¶¶ 7, 13; ECF No. 29 at 6-7 (factual basis for Defendant's plea) —is well in excess of 4.5 kilograms; thus, it is greater than the minimum set to

3

qualify a person for the highest base offense level. *See* § 2D1.1. As a result, Defendant's base offense level remains at 33, and his criminal history category is unchanged at I. Therefore, the applicable sentence guideline range remains 135 to 168 months, the same as the previous range applicable to his case before Amendment 782 took effect.

As a result, the Court does not have the authority to modify the Defendant's sentence. *See Dillon*, 560 U.S. at 825-26. Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, § 1B1.10 (a)(2)(B) militates finding that no reduction of sentence may occur. *See, e.g., United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). In sum, the answer at step one is that Defendant does not qualify for a sentence reduction. Because the answer at step one is that Defendant is not eligible for a sentence reduction, the Court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

## IV.   CONCLUSION AND ORDER

The Court concludes that Defendant has no basis for seeking a reduction. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jorge Guevara's motion to reduce his sentence (ECF No. 52) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

   Dated:   **August 2, 2016**           **/s/ Lawrence J. O'Neill**
                                                            UNITED STATES CHIEF DISTRICT JUDGE